**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ERNEST L. MOON,** ) | **CASE NO. 1:19 CV 605** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **vs.** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **MAPLE HEIGHTS** ) | **AND ORDER** |
| **POLICE DEPT.** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Ernest L. Moon filed this action under 42 U.S.C. § 1983 against the Maple Heights Police Department and Maple Heights Police Detective Jeff Canter. In the Complaint (Doc. # 1), Plaintiff challenges his 2011 multi-count indictment on charges of kidnaping, rape, and gross sexual imposition, claiming it was obtained using information from a prior case that was supposed to be sealed. He asserts violations of his First, Fourth, Fifth, and Fourteenth Amendment rights. He asks this Court to dismiss the indictment and award him monetary damages.

## I. BACKGROUND

Plaintiff was indicted by the Cuyahoga County Grand Jury in December 2011. The charges stemmed from several sexual assaults of his nine-year-old neighbor that occurred between May 1999 and August 2000. During the presentation of the state's case to the Grand Jury, the prosecutor allegedly made reference to Plaintiff's 1983 conviction in Cuyahoga

County for gross sexual imposition. Plaintiff alleges his prior case was supposed to have been sealed and expunged. Plaintiff ultimately pled guilty to the charges in 2013 and was sentenced to sixty years to life in prison.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

First, Plaintiff cannot challenge his conviction in a civil rights action. To the extent he seeks dismissal of the indictment, his sole remedy for obtaining that relief is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He has already filed a Petition for a Writ of Habeas Corpus in this Court to challenge that conviction and it was denied. *See Moon v. Miller*, No. 1:15 CV 1972 (N.D. Ohio Feb. 10, 2017)(Boyko, J.). The Sixth Circuit denied a certificate of appealability. Plaintiff must obtain permission from the Sixth Circuit to file a second or successive Petition.

To the extent Plaintiff seeks damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction invalid, Plaintiff must first prove that the conviction was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff's conviction was not overturned on appeal, and as stated above, his habeas petition was denied. He cannot proceed with a challenge to the constitutional validity of the indictment in a civil rights action.

Finally, even if Plaintiff's claims could be construed as anything other than an attempt to collaterally attack his conviction, they would be time-barred. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the Complaint took place between 2011 and 2013. This action was filed on March 19, 2019, well beyond the expiration

-3-

of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____  5/6/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.